**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO.  2:05-cr-237

JAMELE R. PRINCE,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline.  On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended  resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011.  Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments.   Pursuant to a Standing Order entered on October 7,  2011, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue.  The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Defendant pled guilty to Counts One and Six of a superseding indictment. As to Count One, distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), Defendant's original Presentence Investigation Report attributed to him 129.05 grams of cocaine base. His original offense conduct resulted in a base offense level of thirty-two (32), and a criminal history category of I. This Defendant received a three-level reduction for acceptance of responsibility, but no other enhancements or reductions were applied. His original guideline range was 87 to 108 months, and he was sentenced to a term of eighty-seven (87) months as to Count One. He was also sentenced to a consecutive term of sixty (60) months of imprisonment for knowingly possessing a firearm in the furtherance of a drug trafficking offense, as charged in Count Six. Defendant's term of imprisonment for Count Six is not affected by the 2011 amendment.

On August 21, 2009, as a result of the 2007 United States Sentencing Guideline amendment, Defendant's base offense level, as to the sentence imposed on Count One, was reduced by two levels, resulting in a new total offense level of twenty-seven (27). His corresponding guideline range became seventy to eighty-seven (70 to 87) months. His previous sentence of imprisonment was reduced to seventy (70) months for Count One, followed by a consecutive sentence of sixty (60) months on Count Six.

During his period of incarceration, since the first Section 3582 sentence consideration, the Court observes that Defendant has been sanctioned for use of drugs (marijuana). He has completed his financial responsibility requirements, the 40-Hour drug education program, the Self-Help Group "HIV AIDS Awareness" class, and various GED programs. (*See* Defendant's Exhibits (Document 60)). Counsel for Defendant advises that Defendant has complied with the DNA collection program. Prior to his conviction for the instant offense, Mr. Prince had one conviction in North Carolina for conspiracy to commit robbery with a dangerous weapon and attempted common law robbery. He

has a history of substance abuse, particularly of using marijuana and ecstasy. The Court also observes that he has had moderate employment history with experience in the fast food and nursing home industries.

By the written and filed responses, neither Defendant nor the United States objects to the reduction ordered herein.

Based on the foregoing considerations, the Court **ORDERS** that the Motion be **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by two levels to twenty-eight (28). After consideration of the reduction for acceptance of responsibility, Mr. Prince's new total offense level is twenty-five (25). Given this total offense level and his criminal history category of I, Defendant's new advisory guideline range becomes fifty-seven to seventy-one (57-71) months. However, given the mandatory minimum statutory sentence in effect for his offense of conviction in Count One, Defendant cannot receive a sentence lower than sixty (60) months. Therefore, his new guideline range becomes sixty to seventy-one (60 to 71) months. It is further **ORDERED** that Defendant's previous sentence of imprisonment be reduced to a period of sixty (60 ) months for Count One, followed by a consecutive sentence of sixty (60) months on Count Six, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshals.

ENTER:     February 28, 2012


IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA